THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID TUCKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-11-1109-R |
| ) | |
| WAYNE McKINNEY, in his personal ) | |
| capacity; JEFF DAVIS, in his personal ) | |
| capacity; and MICHAEL E. REID, ) | |
| in his personal capacity, ) | |
| ) | |
| Defendants. ) | |

## ORDER

On September 14, 2012, the Court entered an Order adopting the Report and Recommendation of the Magistrate Judge [Doc. No. 52] and Judgment [Doc. No. 53]. On that same day, Plaintiff filed an Objection to the Report and Recommendation [Doc. No. 54]. Therefore, the Order and Judgment entered September 14, 2012 [Doc. Nos. 52 & 53] are VACATED. The Court now reviews the Report and Recommendation of the Magistrate Judge [Doc. No. 51] *de novo* in light of Plaintiff's objection, pursuant to 28 U.S.C. § 636(b)(1)(B).

Plaintiff states that Defendant Michael E. Reid was a direct participant in Plaintiff's arrest. While this is true, that arrest was for driving without a license and Plaintiff has admitted that arrest was lawful. Plaintiff has failed to adduce any evidence that Defendant Reid personally participated in the search of Plaintiff's vehicle which Plaintiff contends was unlawful. Indeed the evidence before the Court is that Deputy Jeffery Davis conducted the

search of Plaintiff's vehicle. Plaintiff has also failed to adduce any evidence that Defendant Reid participated in the discovery of the drugs for which Plaintiff was charged, which were discovered by Deputy Davis and Detention Officer Tina Cox or in Plaintiff's arrest on drug charges. Therefore, Defendant Reid is entitled to summary judgment on Plaintiff's 42 U.S.C. § 1983 claim.

With respect to Defendant Sheriff McKinney, Plaintiff states that he "was the overseer of the officers who participated in the dentition [sic] of the Plaintiff" and that the Sheriff "knew that the plaintiff was being illegally held in his jail and did not act under his authority to remedy this illegal detention." Objection at pp. 1-2. However, to establish Defendant Sheriff's supervisory liability under § 1983, Plaintiff must produce evidence showing that Defendant Sheriff actively participated in or acquiesced in the illegal detention of Plaintiff and/or in the initiation of drug charges against him and that Defendant Sheriff acted knowingly or with deliberate indifference that a violation of Plaintiff's constitutional rights was occurring or would occur. *See Campbell v. Singh*, 2012 WL 3871654 at * 4 (10th Cir. Sept. 7, 2012)(No. 11-1468), *citing* and *quoting Serna v. Colorado Department of Corrections*, 455 F.3d 1146, 1151 (10th Cir. 2006). Plaintiff has failed to produce such evidence to establish Defendant Sheriff McKinney's supervisory liability.

In accordance with the foregoing, the Report and Recommendation of the Magistrate Judge [Doc. No. 51[ is ADOPTED and the motion of Defendants Wayne McKinney and Michael E. Reid for summary judgment on Plaintiff's Complaint [Doc. No. 33] is GRANTED.

IT IS SO ORDERED THIS 18th day of September, 2012.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE